**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMMUNOMEDICS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>THE BOARD OF DIRECTORS OF<br>ROGER WILLIAMS MEDICAL<br>CENTER et al,<br>                    Defendants. | Civil Action<br><br>2:15-CV-04526-JLL-SCM<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 31, 2016; and for good cause shown:

**IT IS** on this Thursday, March 31, 2016,

**ORDERED THAT**:

## I.    DISCLOSURES

**1.** Fed.R.Civ.P. 26 initial disclosures shall be exchanged on or before 3/29/2016.

**2.** Any asserted claims must be disclosed on or before **4/14/2016**. See L. Pat. R. 3.1.

**3.** Any invalidity contentions and non-infringement contentions must be disclosed on or before **5/27/2016**.

**4.** Any responses to invalidity contentions must be disclosed on or before **6/10/2016**. See L. Pat. R. 3.4A.

**5.** The parties shall exchange proposed terms for claim construction on or before **6/24/2016**. L. Pat. R. 4.1(a).

**6.** The parties shall exchange preliminary claim constructions on or before **7/15/2016**. L. Pat. R. 4.2.

**7.** The parties shall identify any evidence on which they rely to support their construction of proposed terms on or before **7/29/2016**.  L. Pat. R. 4.2(c).

**8.** The parties shall file joint claim construction and pre-hearing statement on or before **8/12/2016**.  L. Pat. R. 4.3.

**9.** All non-expert claim construction discovery shall be completed on or before **9/12/2016**.  L. Pat. R. 4.4.

**10.** The parties shall file opening claim construction briefs on or before **9/27/2016**.  L. Pat. R. 4.5(a).

**11.** All expert claim construction discovery shall be completed on or before **10/27/2016**. L. Pat. R. 4.5(b).

**12.** The parties shall file responsive claim construction briefs on or before **11/22/2016**. L. Pat. R. 4.5(c).

**13.** Within **14 days** following submission of the responding *Markman* papers the parties shall confer and propose a schedule for a Claim Construction Hearing. L. Pat. R. 4.6.

**14.** The *Markman* hearing shall take place before the Honorable Jose Linares, U.S.D.J. on or TBD.

**15.** Any advice of counsel shall be produced not less than thirty days after the issuance of the Claim Construction Order.

## II.    DISCOVERY

**16.**    Fact discovery is to remain open through 12/9/2016. No fact *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

**17.**    The parties may serve interrogatories limited to twenty-five (25) single questions), and requests for production of documents and requests to admit on or before 7/8/2016, to be responded to **within thirty (30) days of receipt**.

**18.**    No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

**19.**    Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

**20.**    Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **<u>before</u>** seeking the Court's intervention. Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a **joint letter** that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III.   DISCOVERY CONFIDENTIALITY ORDERS

**21.**   Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Ci.P. 26(c) and Local Civil Rule 5.3. See also *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* Local Civil Rule 5.3.  The parties shall file any proposed discovery confidentiality order by 4/29/2016.

### IV.   FUTURE CONFERENCES

**22.**   There shall be a telephone status conference on 5/26/2016 **at 11:30 a.m.**   Counsel for plaintiff shall initiate the call to chambers.

**23.**   The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**24.**  Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**25.**   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**26.**  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V.      MOTIONS

**27.**    Any motion to add new parties or amend pleadings pursuant to L.Pat.R. 3.7, whether by amended or third-party complaint, must be filed not later than 9/30/2016.

28. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed.R.Civ.P. 12(b)**.   All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 78.1.

29.  Dispositive motions, if any, are to be filed by [**TO BE DETERMINED**].


## VI.      EXPERTS

30.  Expert discovery is open through TBD.

31.    All affirmative expert reports shall be delivered by TBD**.**   Any such report shall comport with the form and content requirements of Fed.R.Civ.P. 26(a)(2)(B).

32.  All responding expert reports shall be delivered by TBD.  Any such report shall comport with the form and content requirements stated above.

33.  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.


## VII.      FINAL PRETRIAL CONFERENCE

34.  A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

35.    All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the final pretrial conference to prepare the Final Pretrial Order in the compliance with the form and content requirements of the Court.  Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

36.  The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

**37.  FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS MAY RESULT IN SANCTIONS PURSUANT TO**

**Fed.R.Civ.P. 16(f) and 37.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/31/2016 11:26:17 AM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties
    File

5