Michael R. Griffinger
Joshua R. Elias
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: 973-596-4500
Fax: 973-596-0545

David M. Conca (admitted *pro hac vice*)
Melanie R. Rupert (admitted *pro hac vice*)
Nicholas A. Tymoczko (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Tel: 212-318-6000
Fax: 212-319-4090

*Attorneys for Defendants Sorrento Therapeutics, Inc.,*
*TNK Therapeutics, Inc., BDL Products, Inc. and*
*CARgenix Holdings LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMMUNOMEDICS, INC.,<br><br>            Plaintiff,<br><br><br>      v.<br><br>ROGER WILLIAMS MEDICAL CENTER, RICHARD P. JUNGHANS, M.D., Ph.D., STEVEN C. KATZ, M.D., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TNK THERAPEUTICS, INC., and SORRENTO THERAPEUTICS, INC.<br><br>            Defendants. | Civil Action No. 15-4526 (JLL)(SCM)<br><br>*Document electronically filed*<br><br><br><br>**SORRENTO, TNK, BDL AND CARGENIX'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................1

STATEMENT OF FACTS .................................................................3

    A.    Procedural History Before Immunomedics's Third Amended
        Complaint ............................................................................3

    B.    The Substantive Allegations Against the Four New Defendants........4

    C.    The Four New Defendants Have No Jurisdictional Connections
        With New Jersey ..................................................................4

ARGUMENT ....................................................................................6

    A.    There is No Personal Jurisdiction Over the Four New
        Defendants ..........................................................................6

    B.    Immunomedics Cannot Establish That General Jurisdiction Can
        Be Exercised Over the Four New Defendants ...................................8

    C.    Immunomedics Cannot Establish That Specific Jurisdiction Can
        Be Exercised Over the Four New Defendants .................................10

        1.    Immunomedics Cannot Establish That Sufficient
              "Minimum Contacts" Exist.....................................10

        2.    Immunomedics Cannot Establish That the *Calder*
              "Effects Test" Has Been Met..................................12

    D.    Exercising Personal Jurisdiction Over Defendants Would Not
        Comport With Traditional Notions Of Fair Play And
        Substantial Justice ..............................................................14

CONCLUSION ...............................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahn v. Korea Advanced Inst. of Sci. & Tech.*,
   C.A. No. 14-cv-1987, 2014 WL 6455593 (Nov. 17, 2014) ...............................13

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009) ...........................................................................7

*Benitez v. JMC Recycling Sys., Ltd.*,
   97 F. Supp. 3d 576 (D.N.J. 2015).........................................................................6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).....................................................................................10, 14

*Calder v. Jones*,
   465 U.S. 783 (1984).............................................................................................12

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014).............................................................................7, 8, 9, 10

*Display Works, LLC v. Bartley*,
   No. 16-583, 2016 WL 1644451 (D.N.J. Apr. 25, 2016) ....................................10

*Fantis Imports, Inc. v. Hellas Import, Ltd.*,
   No. 07-0544 (JAG), 2008 WL 1790425 (D.N.J. Apr. 18, 2008) ................12, 14

*IMO Indus. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) .........................................................6, 7, 12, 13, 14

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ...............................................................................12

*Sonic Supply, LLC v. Universal White Cement Co., Inc.*,
   No. 07-CV-04529 (DMC), 2008 WL 2938051 (D.N.J. July 29,
   2008) ...................................................................................................................15

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984) ...................................................................................9

*Vanz, LLC v. Mattia & Assocs.*,
No. 2:13-cv-01392-SDW-SCM, 2016 WL 3148400 (D.N.J. May
17, 2016) ........................................................................................6, 7, 9, 10, 12

*Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.*,
C.A. No. 07-0375 (WHW), 2008 WL 65177 (D.N.J. Jan. 2, 2008)...........6, 9, 14

*Waste Mgmt. v. Admiral Ins. Co.*,
138 N.J. 106 (1994) ........................................................................................15

*Wexco v. Diesel Equip.*,
No. CIV06-02106 (WHW), 2006 WL 2355396 (D.N.J. Aug. 14,
2006) ....................................................................................................................9

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)........................................................................................14

## Other Authorities

Fed. R. Civ. Proc. 12(b)(2) ....................................................................................1, 6

N.J. Ct. R. 4:4-4 .........................................................................................................7

## <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(2), newly-added Defendants Sorrento Therapeutics, Inc. ("Sorrento"), TNK Therapeutics, Inc. ("TNK"), BDL Products, Inc. ("BDL"), and CARgenix Holdings LLC ("CARgenix") (together, "four new Defendants") respectfully move to dismiss Plaintiff Immunomedics, Inc.'s ("Immunomedics") Third Amended Complaint (D.I. 77) for lack of personal jurisdiction.

Plaintiff Immunomedics's complaint arises from alleged actions that began in 1993, when Immunomedics entered into a material transfer agreement ("MTA") to provide some research material to non-party New England Deaconess Hospital ("Deaconess") to be used in an early stage research project.  Existing defendant Dr. Richard Junghans ("Dr. Junghans") is a cancer researcher who used the research material provided by Immunomedics to Deaconess in connection with work to try to create special cells to fight cancer in humans known as CEA-CAR T cells.  In 2008 and 2010, Immunomedics entered into two other MTAs to provide different research material to Dr. Junghans and Roger Williams Medical Center ("RWMC").

In 2015, after helping to found two companies with the goal of using CEA-CAR T cells to try to treat cancers, Dr. Junghans sold his share of those two companies (new Defendants BDL and CARgenix) to two of the other new

Defendants (Sorrento and its subsidiary TNK).  These were California corporate transactions, with no connection to New Jersey at all.

Immunomedics, however, now alleges that the four new Defendants are liable for three intentional torts—unjust enrichment, tortious interference, and conversion—arising from alleged breaches of the MTAs by existing Defendants Dr. Junghans and RWMC, and non-party Deaconess.  But Immunomedics's allegations fall far short of meeting its burden to show that any of the four new Defendants are subject to personal jurisdiction in New Jersey.

First, the four new Defendants are not subject to general personal jurisdiction in New Jersey because they are not "at home" in New Jersey and do not have any jurisdictional contacts with New Jersey, let alone the continuous and systematic contacts required for general jurisdiction.  Not one of the four new Defendants is incorporated in New Jersey or even has any facility in New Jersey. In addition, the four new Defendants are investigational research companies and do not have any products on the market, so they do not distribute or sell any products to New Jersey customers.

Second, the four new Defendants are not subject to specific personal jurisdiction in New Jersey.  None of the four new Defendants purposefully availed themselves of the privilege of conducting business in New Jersey, which is underscored by the fact that none of the allegations in the Third Amended

Complaint against the four new Defendants describe any New Jersey transactions or occurrences. In addition, none of the four new Defendants meet the three requirements of the *Calder* "effects" test, satisfaction of which the Supreme Court requires to assert specific jurisdiction for intentional tort claims.

Moreover, asserting personal jurisdiction over the four new defendants in this forum would offend traditional notions of fair play and substantial justice. Accordingly, the four new Defendants respectfully request that this Court grant their motion to dismiss for lack of personal jurisdiction.

## STATEMENT OF FACTS

### A.    Procedural History Before Immunomedics's Third Amended Complaint

On June 26, 2015, Immunomedics filed suit against the Board of Directors of Roger Williams Medical Center, Dr. Junghans, Dr. Steven C. Katz ("Dr. Katz"), and the Office of the Board of Advisors of Tufts University School of Medicine, alleging breach of certain MTAs and related tort claims, as well as patent infringement claims. (D.I. 1.) Immunomedics then amended its complaint two more times—on October 22, 2015 (D.I. 5) and again on January 14, 2016 (D.I. 18)—and changed the named defendants. In March 2016, Immunomedics served non-party subpoenas on three of the four new Defendants: Sorrento, TNK and BDL. And now, Immunomedics seeks in its Third Amended Complaint to add Sorrento, TNK, BDL, and CARgenix as defendants. (D.I. 77 at ¶¶ 24-27.)

3

**B.     The Substantive Allegations Against the Four New Defendants**

Immunomedics's Third Amended Complaint was filed on October 12, 2016 and alleges that the four new Defendants are liable for the intentional torts of conversion (Count IV), tortious interference (Count V), and unjust enrichment (Count VI) based on the three MTAs described above.  *See* D.I. 77 at ¶¶ 143-172.

None of these three MTAs, however, expressly mention or reference any of the four new Defendants.  *See* D.I. 77 at ¶¶ 31-66.  Indeed, three of the four new Defendants were not even formed until *years* after the most recent MTA was signed in 2010.[1]  Immunomedics's claims directed to the four new Defendants appear to be based solely on the August 2015 purchase of new Defendants BDL and CARgenix by new Defendants Sorrento and TNK.  *See* D.I. 77 at ¶¶ 143-172. According to Immunomedics, through these purchases, the four new Defendants allegedly tortiously interfered with Immunomedics's alleged contractual rights, converted Immunomedics's alleged property, and derived unjust enrichment.  *See id*.

**C.     The Four New Defendants Have No Jurisdictional Connections With New Jersey**

None of the four new Defendants have any jurisdictional connection with New Jersey.  (D.I. 77 at ¶¶ 24-27.)  In fact, in its Third Amended Complaint,

---

[1]     CARgenix was formed in October 2014.  *See* D.I. 77 at ¶ 24.  BDL was formed in July 2015.  *Id.* at ¶ 25.  TNK was formed in May 2015.  *Id.* at ¶ 27.

Immunomedics admits that none of the four new Defendants is incorporated in or has its principal place of business in New Jersey.  *See* D.I. 77 ¶¶ 24-27, 107, 110. Sorrento and its subsidiary TNK are incorporated in Delaware with principal places of business in California.  (Ng Declaration at ¶¶ 2-5.)[2]  BDL is incorporated in Delaware.  (Ng Declaration at ¶ 8.)  CARgenix is incorporated in Rhode Island.[3] (Ng Declaration at ¶ 9.)  Moreover, not one of the new Defendants rents or owns property in New Jersey or pays taxes in New Jersey.  (Ng Declaration at ¶ 11.)  In addition, none of the new Defendants has a service agent in New Jersey or has a license to conduct business in New Jersey.  (Ng Declaration at ¶ 12.)  To the contrary, the four new Defendants are biopharmaceutical research and development companies with investigative products that are still in the research pipeline and do not have products on the market.  (Ng Declaration at ¶ 13.)  As a result, the four new Defendants do not sell products into New Jersey.  (Ng Declaration at ¶ 13.)

Likewise, the corporate purchase transactions of CARgenix and BDL by Sorrento and TNK had no connection with New Jersey.  Instead, the purchase agreements to which the four new Defendants were parties were negotiated and

---

[2]     Citations to "Ng Declaration" refer to the Declaration of George Ng in Support of TNK, Sorrento, BDL and CARgenix's Motion to Dismiss for Lack of Personal Jurisdiction, submitted herewith.

[3]     BDL and CARgenix were acquired by TNK and are not presently operating entities.  (Ng Declaration at ¶ 10.)  Any principal place of business would be in California where those companies' corporate records now reside.  *See id.*

signed in California, Rhode Island, and Massachusetts, and each contains provisions specifying California as governing law. (Ng Declaration at ¶ 7.)

## ARGUMENT

### A. There is No Personal Jurisdiction Over the Four New Defendants

Under Rule 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff then bears the burden of showing the basis for personal jurisdiction is proper. *See Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 581 (D.N.J. 2015); *see also IMO Indus. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff cannot rely solely on the pleadings but must provide actual proof, though affidavits or other competent evidence, that jurisdiction is proper. *See Vanz, LLC v. Mattia & Assocs.*, No. 2:13-cv-01392-SDW-SCM, 2016 WL 3148400, at *2 (D.N.J. May 17, 2016) (Mannion); *see also Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.*, C.A. No. 07-0375 (WHW), 2008 WL 65177, at *8 (D.N.J. Jan. 2, 2008) (Walls) ("But it is difficult for this Court to conclude that it has specific jurisdiction . . . when Victory's allegations are based upon information and belief.").

Determining "whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *See*

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).  Here, New Jersey's long-arm statute extends the exercise of personal jurisdiction to the constitutional limit.  *See* N.J. Ct. R. 4:4-4.  Therefore, "[i]n New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."  *See IMO Indus.*, 155 F.3d at 259; *Vanz*, 2016 WL 3148400, at *2.

A court may only exercise personal jurisdiction over a defendant if the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Vanz*, 2016 WL 3148400, at *2.[4]  Sufficient jurisdictional contacts may arise under general or specific jurisdiction.  *Vanz*, 2016 WL 3148400, at *3.

In this case, Immunomedics's Third Amended Complaint contains only two "jurisdiction" allegations directed to the four new Defendants in New Jersey:

- "[U]pon information and belief, all Defendants – including newly-added parties BDL Products, Cargenix, TNK, and Sorrento – ***conduct and aim to solicit business*** in New Jersey."  (D.I. 77 at ¶ 28 (emphasis added).)

- "Immunomedics is expressly referenced in the agreements entered into by and between BDL Products, Cargenix, TNK, and Sorrento."  (D.I. 77 at ¶ 28.)

---

[4]     Unless otherwise indicated, all emphasis has been added, and all internal citations and quotations have been omitted.

But neither of these bare-bones allegations—even if assumed to be true—is sufficient to support personal jurisdiction over any of the four new Defendants on either general jurisdiction or personal jurisdiction grounds.

### B. Immunomedics Cannot Establish That General Jurisdiction Can Be Exercised Over the Four New Defendants

A district court does not have general personal jurisdiction over a corporation unless the entity has contacts with the forum State that are "so substantial and of such a nature as to render the corporation at home in that State." *See Daimler*, 134 S. Ct. at 761 n.19.  Absent exceptional circumstances, a corporate defendant is at home in only two places: its place of incorporation and principal place of business.  *See id*. at 760-62, 761 n.19.  The Supreme Court cautioned that finding general jurisdiction based on a corporation's affiliations with a forum State should be limited to exceptional cases, and that such affiliations should be appraised in the context of the "corporation's activities in their entirety, nationwide and worldwide."  *See id*. at 760-62, 761 n.19, 762 n.20.  In its Third Amended Complaint, Immunomedics has not even alleged—nor can it demonstrate—that the four new Defendants have such affiliations with New Jersey.  Instead, Immunomedics alleges that each of the four new Defendants is based in a state ***other*** than New Jersey.  *See* D.I. 77 at ¶¶ 24-27, 107, 110. Specifically Immunomedics alleges that CARgenix is a Rhode Island corporation based in Providence, Rhode Island, *id.* at ¶¶ 24, 107, that BDL is a Delaware

corporation based in Boston, Massachusetts, *id.* at ¶¶ 25, 110, and that Sorrento and TNK are Delaware corporations based in San Diego, California. *Id. at* ¶¶ 26-27; *see also* Ng Declaration at ¶¶ 2-5.

Moreover, Immunomedics's allegation that Defendants "conduct and aim to solicit business in New Jersey" (D.I. 77 at ¶ 28) is conclusory, unfounded and "on information and belief."[5] *Victory Int'l*, 2008 WL 65177, at *5, 8. None of the four new Defendants has a license to conduct business in New Jersey. (Ng Declaration at ¶ 12.) They do not rent or own property in New Jersey, pay taxes in New Jersey, or have a service agent in New Jersey. (Ng Declaration at ¶¶ 11-12.) And none of the four new Defendants has products on the market in New Jersey. (Ng Declaration at ¶ 13.) Therefore, none of the four new Defendants meets the "very high threshold of business activity" necessary to establish general jurisdiction. *See Vanz*, 2016 WL 3148400, at *3.

Accordingly, given the absence of New Jersey jurisdictional contacts, assertion of general personal jurisdiction over the four new Defendants would be improper. *See Daimler,* 134 S. Ct. at 760-62; *see also Wexco v. Diesel Equip.*, No. CIV06-02106 (WHW), 2006 WL 2355396, at *4 (D.N.J. Aug. 14, 2006) (Walls). Notably, this Court has declined to exercise general personal jurisdiction over

---

[5]     While the Court must accept the factual allegations in the Third Amended Complaint as true, it need not accept as true conclusory statements which restate an ultimate fact that Immunomedics must prove. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir. 1984).

defendants with far greater contacts than the four new Defendants have here.  *See, e.g., Display Works, LLC v. Bartley*, No. 16-583, 2016 WL 1644451, at *4-10 (D.N.J. Apr. 25, 2016) (Arleo) (finding no general personal jurisdiction over defendant even though defendant was registered to do business in New Jersey, had three New Jersey employees, derived revenue from business conducted in New Jersey, participated in numerous trade shows and marketing events in New Jersey, and had a service agent in New Jersey).

### C. Immunomedics Cannot Establish That Specific Jurisdiction Can Be Exercised Over the Four New Defendants

#### 1. Immunomedics Cannot Establish That Sufficient "Minimum Contacts" Exist

Specific jurisdiction requires that the suit arise out of or relate to a defendant's specific contact with the forum.  *See Daimler,* 134 S. Ct. at 754; *see also Vanz*, 2016 WL 3148400, at *3.  In addition, the defendant must have purposefully availed itself of the forum such that it "should reasonably anticipate being haled into court" there, having invoked the benefits and protections of the laws of that forum.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *Vanz*, 2016 WL 3148400, at *3.  Moreover, "a defendant will not be haled into a jurisdiction solely as a result of random, fictitious, or attenuated contacts . . . or of the unilateral activity of another party or a third person."  *See Burger King*, 471 U.S. 475.

Here, Immunomedics cannot demonstrate that the four new Defendants are subject to specific personal jurisdiction in New Jersey because, as discussed in further detail below, none of the four new Defendants has jurisdictional contacts with New Jersey–let alone specific jurisdictional contacts that gave rise to the counts set forth in the Third Amended Complaint.  None of the four new Defendants were parties to the MTAs described in the Third Amended Complaint. *See* D.I. 77 at ¶¶ 31-66.  Three of the four new Defendants did not exist when the 2008 and 2010 MTAs were executed and none existed when the 1993 MTA was executed.  *See id.* at ¶¶ 24-27, 107, 110; Ng Declaration at ¶¶ 3, 5, 8-9.  Moreover, the purchases of CARgenix and BDL by Sorrento and TNK had no connection with New Jersey, but instead, were negotiated and executed outside New Jersey, with contractual provisions specifying California—not New Jersey—as governing law.  (Ng Declaration at ¶ 7.)  The acts leading to the purchases took place among board members in California, Massachusetts, and Rhode Island—not in New Jersey.  *Id.*

The four new Defendants have not purposefully availed themselves of the benefits and protections of New Jersey in any way, and there is no reason that the four new Defendants should or could have reasonably anticipated being haled into New Jersey in connection with these corporate transactions or the MTAs executed by the other defendants and non-party Deaconess.  S*ee* D.I. 77 at ¶¶ 7, 149-166.

Notably, the Third Amended Complaint fails to make any other allegations that the four new Defendants had the requisite minimum contacts for specific jurisdiction.

> **2.    Immunomedics Cannot Establish That the *Calder* "Effects Test" Has Been Met**

A personal jurisdiction analysis involving allegations of intentional torts, including the unjust enrichment, tortious interference, and conversion alleged here, is further governed by the "effects test" set forth by the U.S. Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See IMO Indus.*, 155 F.3d 259-260; *Vanz*, 2016 WL 3148400, at *3. The Third Circuit has interpreted the *Calder* effects test to require the plaintiff to show (1) that the defendant committed an intentional tort; (2) that the plaintiff felt the brunt of the harm caused by that tort in the forum; and (3) that the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *See IMO Indus.*, 155 F.3d 265-66; *Vanz*, 2016 WL 3148400, at *3. The *Calder* test does not, however, "expand" the limits of specific jurisdiction. *See Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007); *Fantis Imports, Inc. v. Hellas Import, Ltd.*, No. 07-0544 (JAG), 2008 WL 1790425, at *7 (D.N.J. Apr. 18, 2008) (Greenaway) ("*Calder* test was not intended to displace the traditional minimum contacts analysis."). Instead, "the effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth." *Marten*, 499 F.3d at 297.

Similar to its failure to satisfy the traditional "minimum contacts" test for exercise of specific jurisdiction, Immunomedics cannot meet the requirements needed to satisfy the *Calder* test here.  Immunomedics cannot show that any of the four new Defendants aimed their allegedly tortious conduct at New Jersey, such that New Jersey can be said to be the focal point of the activity.  As discussed above, the activities that resulted in the purchases of BDL and CARgenix by Sorrento and TNK occurred ***entirely*** outside of New Jersey and were not directed at New Jersey in any way.  (Ng Declaration at ¶ 7.)  *See also Ahn v. Korea Advanced Inst. of Sci. & Tech.*, C.A. No. 14-cv-1987, 2014 WL 6455593, at *5 (Nov. 17, 2014) (Martini) (finding no specific personal jurisdiction for tortious interference claim arising out of actions by board members in Korea "because New Jersey could not be said to be the focal point" of the claim.)  The four new Defendants negotiated and signed the purchase agreements outside of New Jersey, and the purchase agreements themselves invoke the law of California – not New Jersey.  (Ng Declaration at ¶ 7.)   Accordingly, the actions underlying Immunomedics's allegations are unrelated to New Jersey, and certainly do not target the forum.

Immunomedics's status as a New Jersey company alone—without any activity directed to New Jersey by the four new Defendants—falls far short of satisfying the requirements of the *Calder* test.  *See, e.g., IMO Indus.*, 155 F.3d 266-

68; *Fantis Imports*, 2008 WL 1790425, at *7 ("Fantis fails to recognize the distinction between conduct directed at a corporation in New Jersey, and conduct directed at a corporation, which is fortuitously located in New Jersey.").  Nor is it sufficient that Immunomedics allegedly suffered harm in New Jersey.  *See Victory Int'l*, 2008 WL 65177, at *8.  Instead, what is dispositive is whether New Jersey was the focal point of the asserted claims.  *See IMO Indus.*, 155 F.3d at 265-266. Here, Immunomedics does not even allege that New Jersey was the focal point of the claims asserted against the four new Defendants.  *See* D.I. 77 ¶ 28.

### D.  Exercising Personal Jurisdiction Over Defendants Would Not Comport With Traditional Notions Of Fair Play And Substantial Justice

If a defendant is found to have sufficient minimum contacts with the forum such that a court may exercise personal jurisdiction, the following factors are also assessed to determine whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice:  (1) the burden on the defendants; (2) the forum state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *See Burger King*, 471 U.S. at 477; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).  As discussed above, Immunomedics has not met its burden

to demonstrate that the four new Defendants have the requisite minimum contacts with New Jersey to establish either general or specific jurisdiction.  Accordingly, the Court need not consider whether exercising jurisdiction over the four new Defendants would offend traditional notions of fair play and substantial justice. *Waste Mgmt. v. Admiral Ins. Co.*, 138 N.J. 106, 121 (1994) ("However, a court may not weigh those other factors until it has found that the defendant has experienced sufficient minimum contacts to satisfy the threshold determination.").

But even if the Court conducts this analysis, it should find that exercising personal jurisdiction over the four new Defendants is improper.  The burden on the four Defendants to litigate here would be great.  Sorrento and TNK are businesses located in California.  (Ng Declaration at ¶¶ 3, 5.)  All of the corporate records of BDL and CARgenix, which are now wholly owned by TNK, are likewise located in California.  (Ng Declaration at ¶ 10.)  Therefore, all of the new Defendants' offices and records, as well as the relevant corporate employees, are located far from New Jersey.  It is unduly prejudicial to force the four new Defendants to litigate in a forum of which they did not avail themselves and that is far from home.  *See Sonic Supply, LLC v. Universal White Cement Co., Inc.*, No. 07-CV-04529 (DMC), 2008 WL 2938051, at *3 (D.N.J. July 29, 2008) (Cavanaugh).  And while Immunomedics might have had an interest in obtaining convenient and effective relief, it made a strategic decision to bring suit against the existing

defendants in New Jersey and then filed *three* prior complaints that failed to include the four new Defendants. Instead, Immunomedics subpoenaed three of the four new Defendants as non-parties to this case earlier this year. *See* D.I. 1, 5, and 18. Because Immunomedics strategically chose to sue in a forum where the four new Defendants are not subject to personal jurisdiction and it has already subpoenaed three of the four new Defendants in their home districts, it would be inequitable to give any weight to an argument based on the convenience of Immunomedics or judicial efficiency at this juncture. Moreover, none of the remaining factors favor the exercise of personal jurisdiction.

Because the four new Defendants lack minimum contacts with New Jersey and the remaining considerations weigh against personal jurisdiction, it would offend notions of fair play and substantial justice to subject the four new Defendants to personal jurisdiction in New Jersey.

## CONCLUSION

For the foregoing reasons, Defendants Sorrento, TNK, BDL, and CARgenix respectfully request that the Court grant their motion to dismiss the Third Amended Complaint for lack of personal jurisdiction.

Dated: December 2, 2016                    Respectfully Submitted,

16

By: s/ Michael R. Griffinger
    Michael R. Griffinger
    Joshua R. Elias
    **GIBBONS P.C.**
    One Gateway Center
    Newark, New Jersey 07102-5310
    Tel: 973 596 4500
    Fax: 973 596 0545
    mgriffinger@gibbonslaw.com
    jelias@gibbonslaw.com

    David M. Conca
    Melanie R. Rupert
    Nicholas A. Tymoczko
    **PAUL HASTINGS LLP**
    200 Park Avenue
    New York, New York 10166
    Tel: 212-318-6000
    Fax: 212-319-4090
    davidconca@paulhastings.com
    melanierupert@paulhastings.com
    nicholastymoczko@paulhastings.com

    *Attorneys for Defendants Sorrento*
    *Therapeutics, Inc., TNK*
    *Therapeutics, Inc., BDL Products,*
    *Inc. and CARgenix Holdings LLC*