

DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey  07078-2704
www.dlapiper.com

Steven R. Marino
steven.marino@dlapiper.com
T   973.520.2544
F   973.520.2584

*Partners Responsible for Short Hills Office:*
*Andrew P. Gilbert*
*Michael E. Helmer*

January 20, 2017

*V*IA *ECF*

Honorable Steven C. Mannion, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Court Room MLK 2B
Newark, New Jersey 07101

Re:   *Immunomedics, Inc. v. Roger Williams Medical Center et al.,*
        Case No. 2:15-cv-04526-JLL-SCM

Dear Magistrate Judge Mannion:

Pursuant to Your Honor's Order, dated January 4, 2017 (Dkt. No. 121, the "Order"), Plaintiff Immunomedics, Inc. ("Plaintiff") and Four New Defendants BDL Products ("BDL"), CARgenix Holdings, LLC ("CARgenix"), TNK-Therapeutics, Inc. ("TNK") and Sorrento Therapeutics, Inc. ("Sorrento") (collectively, the "Four New Defendants") submit this joint letter regarding the discovery dispute initiated by Plaintiff on December 27, 2016 (Dkt. No. 112).  The parties address below the information requested in subparts (a) through (e) of Paragraph 1 of the Order.

**(A) The Specific Discovery Requested**

On November 23, 2016, Plaintiff served the Four New Defendants with Requests for Production and Interrogatories (the "Discovery Requests").

**(B) The Responses to the Discovery Requests**

During the course of the November 28, 2016 telephonic status conference, counsel for the Four New Defendants informed the Court and Plaintiff that they intended to move to dismiss for lack of personal jurisdiction and should not be required to engage in discovery while that motion is pending.  On December 22, 2016, the day before responses to the Discovery Requests were due, the Four New Defendants again informed Plaintiff that responses to the Discovery Requests "would be premature at this time," and that the Four New Defendants will "respond further and as appropriate following resolution of the [Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2)]." (Dkt. No. 112-1).  To date, the Four New Defendants have not served any formal responses to the Discovery Requests.

**(C) Efforts to Resolve the Dispute**

Plaintiff initiated this discovery dispute on December 27, 2016, and the Four New Defendants filed a response that same day.  (Dkt Nos. 112 and 116).  The next day, December 28, 2016, Plaintiff emailed the Four New Defendants in response to the Four New Defendants' request for a meet-and-confer.  (Ex. A).  Plaintiff explained that its position "is simple and zero sum," and that in the absence of a court order



Judge Mannion
January 20, 2017
Page Two

stating otherwise, the Four New Defendants are required to provide full and complete responses to the Discovery Requests.  Plaintiff noted that "[i]f [counsel for the Four New Defendants] would like to discuss further, we are available for a meet and confer."  (*Id.*).  Defendants did not respond to that email.  (*Id.*).

The Order instructing the Parties to meet and confer before raising discovery disputes with the Court was issued on January 5, 2017.  Plaintiff called counsel for the New Defendants that same day, and then followed up via email on January 9, 2017.  (Ex. B at 5).  The Parties thereafter exchanged emails with their respective positions on January 9, 11, 13, 17, and 18 (the "Emails") (*see generally* Ex. B).  On January 19, 2017, counsel for Plaintiff and the Four New Defendants participated in a telephonic meet-and-confer.

In the course of that call and prior email communications, Plaintiff proposed to the Four New Defendants that the Four New Defendants provide all of the discovery Plaintiff had sought in the next few weeks, including providing complete written responses to document requests and interrogatories, as well as documents produced on a rolling basis.  In exchange, Plaintiff stated that it would not argue that the Four New Defendants have waived objections due to the untimeliness of their responses.  In the course of that call and prior email communications, the Four New Defendants (1) explained that they had already provided substantial discovery to Plaintiff in this case in response to non-party subpoenas, (2) explained that Immunomedics' request for more discovery from the Four New Defendants was inappropriate with the motion to dismiss for lack of personal jurisdiction pending, and (3) asked whether Plaintiffs would compromise by identifying any jurisdictional discovery that it seeks from the Four New Defendants.  Plaintiff maintained its position that in the absence of a motion to stay discovery, it is entitled to all of the discovery it is currently seeking from the Four New Defendants.

**(D) Why the Discovery Requests are Relevant and Why the Four New Defendants' Responses are Deficient**

Plaintiffs seek responses to the Discovery Requests, and document production.  Because the Four New Defendants have not served any responses to the Discovery Requests, the issue before the Court is narrow—whether a basis in law exists to excuse the failure to serve in the first instance any responses to the Discovery Requests.  This is a threshold issue that does not implicate substantive objections to the Discovery Requests such as relevancy.

The Four New Defendants could have applied for a stay of discovery pending resolution of the Motion to Dismiss.  That application would have been the mechanism for the Four New Defendants to articulate their basis(es) for why "good cause" exists to hold the Discovery Requests in abeyance.  *See* Fed. R. Civ. P. 26(c).  That is a difficult standard to meet.  *See Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (stating that stays of discovery "are not preferred" and an application must be supported by "a clear case of hardship or inequity") (internal quotation marks omitted); *see also Maher Terminals, LLC v. Port Auth. of N.Y. and N.J.*, No. 12-6090, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) ("It is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay.") (internal quotation marks omitted).  The Four New Defendants chose not to make such an application.  The consequences of that decision are plain and unavoidable.



Judge Mannion
January 20, 2017
Page Three


First, in the absence of a stay, discovery is to proceed in the normal course.  Whereas responses to the Discovery Requests were due on December 23, 2016, the Four New Defendants are in default of their discovery obligations based on their failure to serve *any* responses in the near two months that have elapsed.  As a result, the Four New Defendants have waived objections to the Discovery Requests.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Second, in the absence of a stay, the pendency of the Motion to Dismiss cannot be used as a basis to excuse the Four New Defendants' obligation to respond to the Discovery Requests, or to otherwise cast them as "inappropriate" or objectionable.  (*See* Ex. B at 2) ("We have explained numerous times . . . that it is not appropriate for Immunomedics to insist on broad discovery of parties that have moved to dismiss the case for lack of personal jurisdiction.").  In other words, the Four New Defendants cannot have it both ways—*i.e.*, pass on seeking a stay of discovery, but then use the pending Motion to Dismiss as a shield.

Third, the burden is on the Four New Defendants—not Plaintiff—to excuse the Four New Defendants' default.  As evidenced in the Emails, the Four New Defendants attempt to have *Plaintiff* articulate why it is entitled to discovery during the pending of the Motion to Dismiss.  (*See id.* at 3) ("We think it would be more appropriate for plaintiff to provide a proposal for written discovery in light of the pending motion to dismiss for lack of personal jurisdiction.").  Plaintiff served the Discovery Requests and the Four New Defendants have not responded.  The burden is therefore on the Four New Defendants to substantiate their position from December 22, 2016 that, in the absence of an order staying discovery, responses to any of the Discovery Requests would nonetheless be "premature at this time." (Dkt. No. 112-1).  No legitimate explanation is proffered in the Emails.

Fourth, to the extent the Four New Defendants have substantive objections to certain of the Discovery Requests, that also does not excuse serving *any* responses.  For example, the Four New Defendants claim generally in the Emails that the Discovery Requests are duplicative of requests served on Four New Defendants when they were non-parties to the litigation.[1]  (Ex. B. at 1, 2).  The Four New Defendants did not, however, specify which of the Discovery Requests they believed were duplicative.  The Four New Defendants could have proceeded by preserving this (and any other) objection in their written responses to the Discovery Requests pursuant to Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(C), or sought a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).  Indeed, had the Four New Defendants done the former, Plaintiff made clear that it "would then be prepared to meet-and-confer regarding substantive objections, custodians to be searched, search terms, etc." (Ex. B at 2).  The

---

[1]  Plaintiff served third-party subpoenas on BDL, Sorrento, and TNK in or around March 2016 for the limited purpose of determining if Plaintiff could assert plausible claims for relief against them.  BDL, Sorrento, and TNK objected to each and every request for production and did not produce a single document.  Immunomedics was forced to file motions to compel in (i) the Southern District of California to compel performance by Sorrento and TNK (Dkt Nos. 3:16-cv-01527-BAS-KSC and 3:16-cv-01531-BAS-KSC) and (ii) the District of Delaware to compel performance by BDL (Dkt No. 1:16-mc-00173-GMS).  It was only after those motions to compel were filed that BDL, Sorrento, and TNK agreed to produce voluntarily 400 documents.

Moreover, there can be no argument that the Interrogatories served by Plaintiff on November 23, 2016 are duplicative because Plaintiff never previously served such discovery requests.



Judge Mannion
January 20, 2017
Page Four

Four New Defendants did neither and instead chose a third option—withhold responses in their entirety. This is another example of the Four New Defendants seeking to have it both ways.

In sum, the Four New Defendants made the unilateral decision that they would not provide any responses to the Discovery Requests during the pendency of the Motion to Dismiss. (Dkt. No. 112-1). The Four New Defendants did not even seek to meet and confer on the issue, and surprised Plaintiff with their refusal to provide responses to the Discovery Requests in the absence of a motion to stay. This has forced Plaintiff to expend unnecessary time and expense chasing after the Four New Defendants, just as Plaintiff was required to do so with BDL, Sorrento, and TNK prior to when they were parties. (*See supra* n. 1). The Four New Defendants have, as a result, obtained an informal stay of discovery for one month without making a formal application supported by "good cause." The Four New Defendants should not be able to skirt their discovery obligations any longer. Plaintiff therefore requests that this Court order The Four New Defendants to provide full and complete responses to the Discovery Requests within 10 days.

**(E) Why the Four New Defendants' Response is Sufficient**

**Immunomedics' Discovery Requests Are Premature Given The Pending Motion and the Substantial Discovery Already Provided in Response to Subpoenas**

Plaintiff Immunomedics' unwavering demand for complete responses to the Discovery Requests from the Four New Defendants fails to recognize that:

- Immunomedics has already conceded that the Four New Defendants are not subject to general personal jurisdiction in New Jersey;

- the Four New Defendants are not likely subject to specific personal jurisdiction based on the non-New Jersey corporate transactions cited by Immunomedics; and

- the Four New Defendants have already produced to Immunomedics a substantial number of documents in response to Immunomedics' broad non-party subpoenas issued in March 2016.[2]

Currently pending before the Court is the Four New Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. No. 102), which argues that Immunomedics' unsupported jurisdictional allegations fail to meet Immunomedics's burden to establish personal jurisdiction over these defendants. In response, Immunomedics conceded that the Four New Defendants are not subject to general personal jurisdiction in New Jersey. (Dkt. No. 109, p. 8, n. 5). As explained in

---

[2] Immunomedics has argued in its prior, premature letter to this Court (Doc. No. 112) that the Four New Defendants never raised an objection to the discovery. As noted in the Four New Defendants' response (Doc. 116), the Four New Defendants raised this issue several times, including in the November 28, 2016 telephonic status conference, where counsel for the Four New Defendants expressly informed the Court and Immunomedics that they intended to move to dismiss for lack of personal jurisdiction and should not be required to engage in discovery while that motion is pending. The Court reserved judgment, noting that the issue would be better addressed after the Four New Defendants filed their motion to dismiss. The issue is now ripe for the Court's consideration.



Judge Mannion
January 20, 2017
Page Five

the Four New Defendants' reply, a finding of specific personal jurisdiction based solely on recent non-New Jersey corporate acquisitions seems very unlikely. (Dkt. No. 113).

In light of this pending motion – which, given the swift resolution of a recently filed motion to dismiss in this case (Dkt. No. 119), will likely be decided in the very near term – it is wholly inappropriate to subject the Four New Defendants to the extensive and substantial Discovery Requests sought by Immunomedics. *See, e.g., Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995) ("[C]ourts are wary of allowing discovery absent some showing of personal jurisdictional facts if a defendant has challenged plaintiff's assertion of personal jurisdiction over him, because basic fact-finding should precede discovery."). While a plaintiff may be entitled to jurisdictional discovery during the pendency of a motion to dismiss for lack of personal jurisdiction (*Renner v. Lanard Toys*, 33 F.3d 277, 283 (3d Cir. 1994)), even that is limited where, as here, the jurisdictional allegations lack support. (Dkt. 102 at 7-11 (explaining the insufficiency of the unsupported allegations that the Four New Defendants "conduct and aim to solicit business in New Jersey" and that Immunomedics is "expressly referenced in the agreements" involving the Four New Defendants)); *see Massachusetts Sch. of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. 1997) (noting that even jurisdictional discovery should be denied where the jurisdictional allegations are based on "a mere unsupported allegation that the defendant 'transacted business' in an area…").

Here, prior to being named in the instant lawsuit, Sorrento, TNK and BDL were served with non-party subpoenas in March 2016. The subpoenas demanded very broad categories of documents (*see* Exs. C - E), including, among other things, all documents referencing Immunomedics, Dr. Junghans and the transfer of Biological Material. After the parties agreed to narrow the requests to the subject matter of the lawsuit as alleged by Immunomedics, on July 29, 2016, Sorrento, TNK and BDL served Immunomedics with 5,416 pages of documents regarding the issues in this litigation. *See* Ex. F. Included in that production were documents "relating to or referencing Immunomedics, Inc.'s patents, CAR-T technology, or antibodies" (Ex. G at 7), which significantly overlaps with the Document Requests subsequently served on the Four New Defendants after they were added as defendants. *See* Exs. H - K.[3] Immunomedics has thus already received substantial discovery relating both to its faulty jurisdictional allegations, as well as its substantive allegations, in response to its subpoenas. So while Immunomedics attempts to paint the Four New Defendants as obstructionists, seeking to delay and impede Immunomedics' efforts to conduct discovery, that position is unsupported and insincere. Immunomedics already has in its possession a significant trove of documents related to the issues in this case from the files of the Four New Defendants.

---

[3] Just by way of example, of the 28 Document Requests served upon BDL, Request Nos. 3-4, 8-14, 19-20, and 22-26 relate to CAR-T technology, Request Nos. 15-18 relate to the sale and/or transfer of materials from BDL to TNK, and Request No. 21 relates to Immunomedics. Thus, Sorrento, TNK, and BDL have already produced documents within the scope of at least 24 of Immunomedics' 28 Requests to BDL. Similarly, of the 40 Document Requests served upon Sorrento and TNK, Requests Nos. 3-4, 10-16, 25-26, and 34-38 relate to CAR-T technology, Request Nos. 17-21 relate to the sale and/or transfer of materials from BDL to Sorrento or TNK, and Request No. 33 relates to Immunomedics. Sorrento, TNK, and BDL have already produced documents within the scope of at least 22 of Immunomedics' 40 Requests to Sorrento and TNK.



Judge Mannion
January 20, 2017
Page Six

In sum, after receiving thousands of pages of documents and naming Sorrento, TNK, BDL and CARgenix as defendants in the case, Immunomedics now seeks additional, substantial written and documentary discovery from these defendants before their motions to dismiss for lack of personal jurisdiction in New Jersey are even decided. That is improper at this juncture. Moreover, in an effort to resolve this dispute without requiring the Court's intervention, the Four New Defendants asked during the meet and confer whether Immumomedics would be willing to compromise and specify what jurisdictional discovery related to its opposition to the Four New Defendants' personal jurisdiction motion it sought that it did not already have. Immunomedics refused to consider this approach and instead pressed its demand for "full and complete responses to those discovery requests…—not [] jurisdictional discovery," even though jurisdictional discovery is what Immunomedics sought in opposition to the personal jurisdiction motion. Ex. B; Ex. L ("Our position is simple and zero sum…your clients are obligated to respond to our discovery requests."); Dkt. 109 at p. 22-23.

Ordering complete, substantive discovery of parties that may not be subject to personal jurisdiction would be improper, not least because of the undue prejudice caused by the burden and expense of that additional party discovery. Given the pending motion to dismiss for lack of personal jurisdiction and the substantial discovery already provided by the Four New Defendants to Immunomedics, the Four New Defendants respectfully request that further discovery of them be stayed pending resolution of the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 102).

Respectfully,

**DLA Piper LLP (US)**

s/Steven R. Marino
Steven R. Marino

cc:    All counsel of record (via ECF)

EAST\139324837.1